UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Sanjay Laforest,

             Defendant.

_____

Sanjay Laforest,

             Petitioner,

v.

United States of America,

             Respondent.

**21 Cr. 272 (CM)**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/6/2026

**25 Civ. 9942 (CM)**

### Order re: Attorney-Client Privilege Waiver (Informed Consent)

WHEREAS defendant Sanjay Laforest (the "defendant") has filed a motion pursuant to 28 U.S.C. § 2255 based on allegations of ineffective assistance of counsel (*see* Dkt. No. 212); and

WHEREAS the Government, after reviewing the motion papers, has concluded that the testimony of the defendant's former counsel Brian Kaplan, Esq., will be needed in order to allow the Government to respond to the motion; and

WHEREAS the Court, after reviewing the motion papers, is satisfied that the testimony of Brian Kaplan, Esq. is needed in order to allow the Government to respond to the motion; and

WHEREAS by making the motion, the defendant has waived the attorney-client privilege as a matter of law; and

WHEREAS the Court is cognizant that, absent court order or informed consent, ethical concerns may inhibit Mr. Kaplan from disclosing confidential information relating to a prior client

even in the absence of a privilege, *see, e.g.,* ABA Standing Comm. on Ethics and Prof. Responsibility Formal Op. 10-456 (July 14, 2010), *Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim,*

IT IS HEREBY ORDERED that the Clerk of Court shall serve upon the defendant a copy of this Order and the accompanying "Attorney-Client Privilege Waiver (Informed Consent)" form by United States mail using the following address information: Sanjay Laforest (Reg. No. 40730-509), FPC Schuylkill, P.O. Box 670, Minersville, PA 17954.  The defendant shall execute and return to the Clerk of Court for filing within 14 days from the date of this Order the accompanying "Attorney-Client Privilege Waiver (Informed Consent)" form; and it is further

ORDERED that, within fourteen days from the date that the executed "Attorney-Client Privilege Waiver (Informed Consent)" is filed by the Clerk of Court on behalf of the defendant, Mr. Kaplan shall give sworn testimony, in the form of a declaration, addressing the allegations of ineffective assistance of counsel made by the defendant.

ORDERED that, within sixty days from the date on which the latter of Mr. Kaplan's declaration is filed, the Government shall file an answer or other pleadings in response to the motion.  The defendant shall have thirty days from the date on which he is served with the Government's answer to file a response.  Absent further order, the motion will be considered fully submitted as of that date.

Dated: New York, New York
      January ___, 2026

HON. COLLEEN McMAHON
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Sanjay Laforest,<br><br>Defendant. | 21 Cr. 272 (CM) |
| Sanjay Laforest,<br><br>Petitioner,<br><br>v.<br><br>United States of America,<br><br>Respondent. | 25 Civ. 9942 (CM) |

**Attorney-Client Privilege Waiver (Informed Consent)**

To: Sanjay Laforest

You have made a motion pursuant to 28 U.S.C. § 2255 on the ground of ineffective assistance of counsel by your former attorney, Brian Kaplan, Esq. (*see* Dkt. No. 212). The Court has reviewed your papers and determined that it needs to have sworn testimonial statements from your former attorney in order to evaluate your motion.

By making this motion, you have waived the attorney-client privilege you had with your former attorney to the extent relevant to determining your claims. This means that if you wish to press your claims of ineffective assistance, you cannot keep the communications between yourself and your former attorney a secret—you must allow them to be disclosed to the Government and to the Court pursuant to court order. The Court has already issued an Order ordering your former attorney to give such testimony, in the form of a declaration. This Informed Consent form is designed to ensure that you fully understand and agree to this.

Specifically, if you wish to proceed with your motion on the basis that you received ineffective assistance of counsel, you must sign this statement and return it to the Court. The form constitutes your authorization to your former attorney to disclose confidential communications (1) only in response to a court order and (2) only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by your motion.

You should know that if you sign this authorization, you run the risk that your former attorney will contradict your statements about his representation of you. However, you should also know that the Court may deny your motion if you do not authorize your former attorney to give an affidavit in response to the Court's attached Order.

You must return this form, signed by you and notarized, within fourteen days from the date on which you are served with this Order. If the Court does not receive this form, signed by you and notarized, within that time, the Court may deny your motion.

NOTARIZED AUTHORIZATION

I have read the Court's Order dated _____ and this document headed Attorney-Client Privilege Waiver (Informed Consent). I hereby authorize my former attorney, Brian Kaplan, Esq., to comply with the Court's Order by giving testimony, in the form ordered by the Court, relating to my motion pursuant to 28 U.S.C. § 2255 on the ground of ineffective assistance of counsel. This authorization allows my former attorney to testify only pursuant to court order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my motion.


_____            Dated: _____
Sanjay Laforest


Sworn to before me this _____ day of _____, 2026




_____
Notary Public